UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT MONTAGUE,** | ) | **CASE NO.1:22CV1878** |
| | ) | |
| **Plaintiff** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant City of Cleveland's Motion to Dismiss for Want of Prosecution. (ECF # 20). For the following reasons, the Court denies Defendant's Motion.

According to Defendant, Montague's employment was terminated in December of 2021. He subsequently filed suit in 2022 against the City of Cleveland, Director Howard, Timothy Maffo-Judd, and Bruce Cutlip. That suit was dismissed without prejudice for failure to timely serve Defendants. That same day, Montague refiled the suit against the same Defendants. Plaintiff perfected service on the City of Cleveland and Director Howard but failed to serve Maffo-Judd and Cutlip and they were dismissed from the suit.

After granting in part Defendants' Motion for Judgment on the Pleadings, the Court held a Case Management Conference on May 24, 2024. At that conference, the Court set a discovery cut-off date of September 23, 2024 on Plaintiffs USERRA claim and stayed discovery on Plaintiff's *Monell* claim per agreement of the parties. Defendant served written discovery

requests on Plaintiff on February 24, 2024 but got no responses. It served the requests on Plaintiff again on May 23, 2024, making discovery responses due by June 24, 2024. When Plaintiff failed to respond by the due date, Defendant reached out again on July 1, 2024 and again received no response. In the meantime, Defendant tried to obtain discovery from third parties, including the U.S. Navy and T-Mobile.

At a July 24, 2024 status conference the Court ordered Plaintiff "to provide written discovery responses and records related to his Navy service by 7/26/24." However, Plaintiff failed to comply with the Court's Order and further efforts by Defendant to reach out to Plaintiff failed to elicit a response, prompting this Motion.

According to Defendant, Montague's repeated failures to respond to discovery requests evidence willfulness, bad faith or fault. Therefore, it is entitled to dismissal for want of prosecution in light of the inexcusable failure to comply with discovery requests and the express order of the Court. Moreover, Defendant has suffered tangible harm from the discovery failure by incurring additional costs in chasing the discovery and the discovery sought is essential to Defendant's ability to mount a defense.

Plaintiff had notice that dismissal is a possible sanction under the Federal Rules of Procedure for failure to respond to discovery. Finally, Defendant argues that no other sanction will provide the necessary relief due to Plaintiff's failure to provide the needed discovery.

**Plaintiff's Opposition**

According to Plaintiff, he has complied with the discovery requests at the time of the filing of his Opposition brief, albeit belatedly. Moreover, the issues in the case are narrow and Plaintiff has a high likelihood of success, most notably since the Department of Labor has made

a preliminary finding that Plaintiff's rights were violated under the USERRA. Therefore, Plaintiff asks the Court to deny the Motion.

**Defendant's Reply**

Defendant notes for the Court that Plaintiff offers no explanation or good cause why he failed to timely respond to Defendant's discovery requests or the Court's Order, consequently, dismissal should be granted. Alternatively, Defendant ask the Court to consider a stark warning to Plaintiff that further failures to comply with court orders will result in dismissal as a sanction.

## LAW AND ANALYSIS

"Although a district court 'must be given substantial discretion' in its decision to dismiss a case for failure to prosecute, 'the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Evans v. Liberty Ins. Corp.,* 702 F. App'x 297, 299 (6th Cir. 2017) quoting *Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 736 (6th Cir. 2008).

A court must consider four factors when evaluating a motion to dismiss for want of prosecution: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 737. "None of these factors is dispositive, and a 'case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Evans,* 702 F. App'x at 299 quoting *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999).

Plaintiff offers no explanation for his failure to timely provide discovery and comply with

3

the Court's July 24, 2024 Order to produce discovery by July 26, 2024. However, in a Joint Status Report filed August 22, 2024, the parties acknowledged that document productions had been made by both sides. While Plaintiff failed to timely produce the records or comply with the Court's order, the late production's prejudice to Defendant was minimal given the Court's extension of the case management schedule after the Motion to Dismiss was filed. The Court's own Case Management Order (ECF # 4) warns that failure to comply with an order of the Court may result in sanctions. However, the Court holds that the "harsh" sanction of dismissal is not warranted under these circumstances and that less severe sanctions are more appropriate. Instead, the Court will entertain a motion by Defendant for any fees or costs incurred as a result of Plaintiff's failure to timely provide discovery and comply with the Court's Order. Defendant may file such a motion no later than December 19, 2024.

Therefore, for the foregoing reasons, the Court denies Defendant's Motion to Dismiss for Want of Prosecution.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge