UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT MONTAGUE,** | ) | CASE NO.1:22CV1878 |
| | ) | |
| **Plaintiff** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | ORDER |
| | ) | |
| **Defendant** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant City of Cleveland's unopposed Motion for Attorney Fees. (ECF # 28). For the following reasons, the Court grants the unopposed Motion.

At a case management conference held on May 24, 2024, the Court set a discovery cut-off date of Sept 23, 2024, and stayed discovery per the parties' agreement on Plaintiff's *Monell* claim. After a telephone status conference held July 23, 2024, wherein Defendant complained that it had not received discovery responses from Plaintiff, the Court ordered Plaintiff to "provide written discovery responses and records related to his Navy service by 7/26/24." On August 5, 2024, Defendant filed a Motion to Dismiss for Want of Prosecution due largely to Plaintiff's failure to provide the written discovery responses and records as ordered by the Court and as required by the Federal Rules of Civil Procedure. Plaintiff filed a Brief in Opposition arguing that dismissal was inappropriate as there was a preliminary finding by the Department of Labor that Plaintiff's rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") were violated and that he had belatedly complied with the discovery

requests at the time of the filing of his Opposition brief.

The City of Cleveland in Reply noted that Plaintiff acknowledged his production was untimely and failed to offer any explanation for his failure to provide the discovery in accordance with the Court's Order.

In denying the Motion to Dismiss, the Court held that the "harsh" sanction of dismissal was not warranted under the circumstances and that a less severe sanction might be warranted. The Court informed the parties that it would entertain a motion by Defendant for any fees or costs incurred as a result of Plaintiff's failure to timely provide discovery and comply with the Court's Order.

Subsequently, Defendant filed its Motion for Attorney Fees. Defendant seeks to recover its fees in the amount of $2,762.50. This number is calculated using the lodestar method. In the Motion and supporting declarations, Defendant arrives at this number by taking the billing rate of attorney Matthew Aumann at $250/hr multiplied by the 8.6 hours he worked on the Motion to Dismiss, Reply and Motion for Attorney Fees and the $350/hr rate billed by attorney William Menzalora multiplied by the 1.75 hours he worked on the Motions and Reply.

Defendant's counsels' declarations attest to the work experience of both Aumann and Menzalora along with their hourly rates. Aumann attests he has been an attorney for approximately ten years while Menzalora has been an attorney for over thirty years. Finally, Defendant asks the Court to award the fees against Plaintiff and Plaintiff's counsel as jointly liable. Plaintiff has not opposed the Motion.

Federal Rule of Civil Procedure 37 authorizes federal courts to impose sanctions on those participants who fail to meet their discovery obligations. "In selecting a sanction under Rule 37,

a court may properly consider both punishment and deterrence." *Bratka v. Anheuser–Busch Co.,* 164 F.R.D. 448, 459 (S.D.Ohio 1995) (citing *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). "The burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith or fault rests with the sanctioned party." *Laukus v. Rio Brands, Inc.,* 292 F.R.D. 485, 500 (N.D. Ohio 2013) citing *Reg'l Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir.1988). "Rule 37(b)(2) provides for the imposition of sanctions for the failure to obey a court order to produce or permit discovery." *Id.*

Here, Plaintiff failed to comply with the Court's July 23, 2024 Order and has offered no explanation for his failure. Moreover, Defendant was compelled to file its Motion to Dismiss due to Plaintiff's repeated failures to provide discovery under the Federal Rules of Civil Procedure and when ordered to do so by the Court. Finally, Plaintiff has failed to file an opposition to the Motion for Attorney Fees.

As a result, the Court grants Defendant's unopposed Motion and awards Defendant attorney fees in the amount of $2,762.50 as a reasonable award for the costs of the Motion to Dismiss, Reply and Motion for Attorney Fees. The Court finds counsel's hourly rates reasonable in light of their experience. Matthew Aumann represents he has been an attorney for approximately ten years. According to the Ohio Bar Association, attorneys in Ohio with six to ten years experience average $300/hr in 2023. See *www.ohiobar.org/globalassets/public-resources/profile-of-legal-profession/pdfs/polp_public-2024.pdf.* William Menzalora attests he has been an attorney for over thirty years. According to the Ohio Bar Association, in 2023 attorneys with over twenty-five years of experience average $303/hr and those over thirty years

3

experience average $278/hr. *Id.* See also *McKnight v. Erico Int'l Corp.,* 655 F. Supp. 3d 645, 666 (N.D. Ohio 2023) (approving hourly Ohio attorney rates between $400 and $500 dollars per hour.

Aumann attests he worked a total of 8.6 hours on the Motions and Reply and Menzalora attests he worked 1.75 hours on the same. Between the Motions and Reply, Defendant argues they completed ten pages of substantive work thus, they averaged roughly one hour per page of work completed.

Because both the hourly rates and time spent on drafting the Motions and Reply are reasonable and because there has been no opposition by Plaintiff, the Court grants the Motion in the amount of $2,762.50.

Defendant moves the Court to apply the sanction jointly and severally to Plaintiff, Plaintiff's counsel and Plaintiff's counsel's company. Defendant relies primarily on Fed R. Civ. P 37(C) which reads in pertinent part, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, by failing to respond to the Motion or explain in opposition to Defendant's Motion to Dismiss for Want of Prosecution why he failed to comply with the Court's Order, the Court finds the failure was not substantially justified. Moreover, Plaintiff has failed to provide any basis upon which the Court could find that an award of expenses, including attorney fees, is substantially unjust.

Therefore, for the foregoing reasons, the Court grants Defendant's unopposed Motion for Attorney Fees in the amount of $2,762.50 jointly and severally against Plaintiff, Plaintiff's

4

Case: 1:22-cv-01878-CAB Doc #: 33 Filed: 07/15/25 5 of 5. PageID #: 1337

counsel and McNeal Legal Services. Payment shall be made no later than August 15, 2025, or further sanctions may issue.

        IT IS SO ORDERED.

Date: July 15, 2025        /s/Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  United States District Judge

5